UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TRISTAN VERNON SELLERS,<br><br><br>Defendant. | Criminal No. 06-21-03<br><br><br>**SEALED CASE** |

**DETENTION MEMORANDUM**

The Defendant, Tristan Vernon Sellers, along with several other individuals, has been

charged by indictment with conspiracy to distribute and possess with intent to distribute heroin,

cocaine, cocaine base, phencyclidine and marijuana in violation of 21 U.S.C. § 846. The indictment

contains over 100 counts, many of which name other co-Defendants. Along with the conspiracy

charge, Defendant Sellers is specifically charged with the following violations: unlawful possession

with intent to distribute 50 grams or more of cocaine base and aiding and abetting in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2; unlawful possession with intent to

distribute cocaine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)

and 18 U.S.C. § 2; unlawful possession with intent to distribute heroin and aiding and abetting in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and four counts of using,

carrying, and possessing a firearm during a drug trafficking offense and aiding and abetting in

- 1 -

violation of 18 U.S.C. §§ 924(c)(1) and 2.

The government requested a detention hearing, which was held November 20, 2006. At the conclusion of the hearings, the Court found that Defendant Sellers should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

## Findings of Fact

At the detention hearing, the government proceeded by proffer. On January 26, 2006, when FBI and Metro Police Department (MPD) officers executed a search warrant at an apartment leased to co-Defendant India Graves on Ridgecrest Court in southeast Washington, D.C. After breaching the front door, officers located Defendant Sellers in a bedroom of the apartment. Officers also located co-Defendants Graves, Cinquan Blakney, and Ralph Ingram in the apartment, as well as a 2-year-old child. In the bathroom tub, officers found small plastic bags containing a total of 11 grams of heroin, 66 grams of cocaine powder, and 37grams of crack cocaine. On the floor of the bathroom, officers found an Uzi 9mm firearm containing one round in its chamber and 34 rounds in its magazine. Under a child's mattress in the room where the Defendant was located, officers found a Smith & Wesson handgun containing one round in its chamber and several rounds in its magazine. Subsequent test firing of the two guns proved them operable.

In the kitchen, officers located a microwave oven and three scales. All four items found in the kitchen contained residue consistent with that normally left by illegal drugs.

The next day, officers executed a search warrant on a Chrysler minivan registered to co-Defendant Blakney which was parked outside the Ridgecrest Court apartment. In the back seat, officers found a backpack containing an identification card belonging to Defendant Sellers. Also found were a coffee grinder, razor blades, strainers, Ziplock bags, and plastic bottles containing quinine. The government proffered that these materials are consistent with those used in "cutting" and packaging cocaine.

Weeks before the execution of the search warrants at Ridgecrest Court, law enforcement observed co-Defendants Sellers, Ingram, and Blakney at the Embassy Suites Hotel on Jefferson Davis Highway in Arlington, Virginia. The hotel confirmed for law enforcement that a suite had been registered to co-Defendant Blakney from December 27, 2005 to January 5, 2006. After the hotel confirmed that the said co-Defendants had checked out, law enforcement obtained consent to search their suite. The following items were recovered from the suite: plastic tape with rock-like heroin residue attached, a microwave plate containing crack cocaine residue, and a plastic baggie containing a rock of crack..

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial

detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100,

113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or

combination of conditions will reasonably assure the appearance of defendant as required, it has the

burden of establishing by a preponderance of the evidence that the defendant will flee before trial

if released. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must

determine that "it is more likely than not that no condition or combination of conditions will

reasonably assure an accused's appearance." *United States v. Westbrook* , 780 F.2d 1185, 1188-89

(5th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant

has committed a violation of the Controlled Substance Act for which a maximum penalty of ten

years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or

combination of conditions may be imposed to assure his future presence in court or to reasonably

assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F.

Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause

sufficient to create a rebuttable presumption under § 3142(e)). The same presumption under §

3142(e) arises when there is probable cause to believe that a defendant has used a firearm to commit

a felony in violation of 18 U.S.C. § 942(c). *See* 18 U.S.C. § 3142(e).

Here the government requested detention for the Defendant on the grounds that the

Defendant Sellers posed a danger to the community and a risk of flight. In determining whether

there are conditions of release which will reasonably assure the defendant's future presence in court

or assure the safety of any other person and the community, the judicial officer shall take into

account the available information concerning (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant Sellers is charged with multiple counts in a conspiracy to possess and distribute large quantities of illegal drugs. The charges are most serious, carrying a maximum prison sentence of ten years or more.

The second factor, the weight of the evidence, also favors detention. The government proffered several facts linking Defendant Sellers to drug and gun activity. Defendant Sellers was found by police in an apartment with loaded weapons, illegal drugs, and drug-trade paraphernalia. An identification card belonging to the Defendant was also found in a van belonging to co-Defendant Blakney, which also contained drug-trade paraphernalia. Moreover, law enforcement surveillance placed the Defendant at a hotel room where illegal drugs and drug-trade paraphernalia were found.

The third factor, the history and characteristics of the Defendant, also favors detention. The Defendant has had three convictions as a juvenile. They are as follows: possession with intent to distribute cocaine, possession with intent to distribute marijuana, and assault with a deadly weapon. The Defendant was apparently on probation for one or all of these offenses at the time of his latest offense. These facts leave the Court in with little confidence that the Defendant will comply with any conditions of release imposed upon him.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The current charges before this Court against Defendant Sellers involving narcotics and firearms clearly demonstrate that he is a substantial danger

to the community.  The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community.  The Court also concludes by a preponderance of the evidence that no condition of combination of conditions can be imposed to reasonably assure the appearance of the Defendant as required.  The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case.  Therefore, the government's motion for pretrial detention is granted.

Dated: November  24th , 2006                     /s/                                                                    
                                                 ALAN KAY
                                                 UNITED STATES MAGISTRATE JUDGE